# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
(Filed: July 5, 2016)

| | |
|---|---|
| * * * * * * * * * * * * * * <br> MICHELLE HANDROW, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br> Respondent. <br><br> * * * * * * * * * * * * * * | UNPUBLISHED <br><br> No. 15-1373V <br><br> Chief Special Master Dorsey <br><br> DTap; Influzena; Motion to Dismiss; <br> Insufficient Proof. |

Jerome A. Konkel, Samster, Konkel & Safran, S.C., Milwaukee, WI, for petitioner.
Linda Renzi, United States Department of Justice, Washington, DC, for respondent.

### DECISION DISMISSING PETITION[1]

On November 13, 2015, Michelle Handrow ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program alleging that she suffers from Complex Regional Pain Syndrome ("CRPS") as a result of the DTap and influenza vaccinations that she received on November 15, 2012. Petition at ¶ 2.

On July 1, 2016, petitioner filed a Motion to Dismiss. ("Pet'r's Mot.") dated July 1, 2016 (ECF No. 18). Petitioner stated that "[a]n investigation of the facts and science supporting her case has demonstrated to petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." Pet'r's Mot. at 1. Petitioner also stated that she understands that a decision dismissing her decision will terminate all of her rights in the Vaccine Program. Furthermore, petitioner wished to retain her right to file a civil action in the future and thus intend to elect to reject the Vaccine Program judgment.

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, she will delete such material from public access.

To receive compensation under the Program, petitioner must prove either: 1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to a vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury," nor does petitioner allege that she suffered a "Table Injury." Further, the record does not contain any persuasive evidence indicating that petitioner's injury was caused by the vaccinations she received on November 15, 2012.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support. However, petitioner has not filed an expert report.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were caused-in-fact by one or more of her vaccinations. **Thus, this case is dismissed for insufficient proof. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Nora B. Dorsey
Nora B. Dorsey
Chief Special Master